IN RE APPEAL OF SMITH, APPELLEE, *v.* CHESTER TOWNSHIP BOARD OF TRUSTEES, APPELLANT. (TWO CASES.)

(Nos. 78-1448 and 79-108—Decided November 7, 1979.)

14

*Mr. Kenneth D. Korosec,* for appellee.

*Mr. John F. Norton,* prosecuting attorney, and *Mr. Timothy A. Marcovy,* for appellant.

SWEENEY, J. In this cause we are initially confronted with the issue of whether the order to appellant to prepare and file the transcript of hearing testimony is a final, appealable order, defined in R. C. 2505.02 as:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, [or]

an order affecting a substantial right made in a special proceeding***.''

The Court of Common Pleas relied upon R. C. 2506.02 as authority for its order that appellant initially pay the cost of preparing the transcript. That section provides that ''[t]he costs of such transcript shall be taxed as a part of costs of the appeal.'' Therefore, if appellant is successful on appeal, it could recover the expense incurred in preparing the transcript. The situation here is analogous to the case where a party has been ordered to deposit money with a court as security. The majority view is that such an order is interlocutory and thus not appealable because it does not finally determine the rights of the parties. See Annotation, 15 A.L.R. 3d 568, 570. Similarly, the instant order does not affect a substantial right of appellant, but is merely interlocutory in nature. *Snell* v. *Cincinnati St. R. Co.* (1899), 60 Ohio St. 256, 272. The Court of Appeals therefore correctly granted appellee's motion to dismiss, and we affirm its judgment in case No. 78-1448.

A separate procedural question that arises herein is whether, on an appeal of the contempt order, the order to produce a transcript is reviewable as the underlying basis for the judgment of contempt. Although R. C. 2705.09 provides, in part, that ''[t]he judgment and orders of a court or officer made in cases of contempt may be reviewed on appeal,'' this court has never directly considered this particular issue. However, the question was addressed by the court in *People, ex rel. Hawthorne,* v. *Hamilton* (1973), 9 Ill. App. 3d 551, 553, 292 N. E. 2d 563, 565, which held that ''where an unappealable interlocutory order results in a judgment of contempt including fine or imprisonment such a judgment is a final and appealable judgment and presents to this court for review the propriety of the order of the court claimed to have been violated.'' See *Sanborn* v. *Blankenheim* (1952), 346 Ill. App. 214, 104 N. E. 2d 573; *Tobey* v. *Tobey* (1974), 165 Conn. 742, 745-746, 345 A. 2d 21; *State* v. *Washington* (1978), 83 Wis. 2d 808, 815, 266 N. W. 2d 597, at fn. 3; *contra, In re Sigesmund* (1961), 193 Cal. App. 2d 219, 223, 14 Cal. Rptr. 221.

We agree with the court in *People, ex rel. Hawthorne, supra,* that in order for there to be a meaningful review of the contempt adjudication, the appellate court must be able to consider the propriety of the underlying order, even though that order is itself not appealable.[1] Thus, the Court of Appeals correctly proceeded to the merits of the appeal, a task we now also undertake.

The central controversy in this cause concerns which party should initially pay the expense of preparing the transcript of hearing testimony. The confusion is caused by a disagreement as to which of two filing statutes controls. R. C. 2505.08, maintained to be controlling by the board, provides, in part, that "[t]he cost of the production of the transcript of testimony***shall be paid initially by the party perfecting the appeal***." On the other hand, R. C. 2506.02, asserted by appellee as being controlling, states, in part, that "the officer or body from which the appeal is taken shall***prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony and evidence***."

In determining which of the two statutes in question controls the procedure in appeals of administrative orders, we are guided by R. C. 2506.01 which provides, in essence, that R. C. Chapter 2505 applies, except to the extent it is modified by R. C. Chapter 2506. We find that R. C. 2506.02 does modify R. C. 2505.08 in this instance.

This conclusion is supported by the fact that, although R. C. Chapter 2505 applies to appeals from judgments of trial courts, R. C. Chapter 2506 was enacted by the General Assembly to specifically address appeals to the Court of Common Pleas from orders of administrative agencies.[2]

---

[1] We are not swayed from this conclusion by appellee's fear that a litigant will purposefully and repeatedly refuse to obey an interlocutory order in the hope of ultimately being found in contempt and thereafter be able to obtain judicial review of the correctness of the initial order through appeal of the contempt judgment. Although the contempt finding herein was admittedly lenient, we are satisfied that trial courts can effectively discourage such dilatory tactics by cogent exercise of their contempt powers.

[2] See Wolf and Robiner, Ohio Revised Code Chapter 2506 - Judicial Review of Administrative Rulings, 22 Cleve. St. L. Rev. 229 (1973).

Therefore, R. C. 2506.02 is determinative as to which party should be responsible for assuming the initial expense of preparing and filing the transcript.[3]

Furthermore, case law in Ohio supports the view that the burden is on the administrative agency to produce the transcript for appeal. See, *e.g., Fleischmann* v. *Medina Supply Co.* (1960), 111 Ohio App. 449; *Sofer* v. *Housing Authority* (1975), 44 Ohio App. 2d 113. Implicit in these decisions is the conclusion that the duty to prepare the transcript includes the necessity of assuming the initial expense of its preparation.

In *Stephan* v. *State Veterinary Medical Board* (1960), 113 Ohio App. 538, the Court of Appeals construed the analogous filing requirements of R. C. 119.12 as mandating that the agency prepare and certify a complete record to the Court of Common Pleas. When the agency failed to file a transcript, the Court of Common Pleas, upon the motion of appellant, rendered judgment in his favor, a penalty provided for in R. C. 119.12. The Court of Appeals thereafter affirmed.

R. C. 2506.02 includes no such penalty; rather, in order to force compliance a court may have to invoke its contempt powers. [4] Such was the situation herein.

Since we find that R. C. 2506.02 requires that the agency pay the initial cost of preparing the transcript of testimony and evidence, the Court of Common Pleas could properly cite the board for contempt for refusing to comply with its order

---

[3] An authority on appellate review has reached the same conclusion, noting that, "[s]ince R. C. 2505.08 seems applicable to appeals from the judgment or final order of a court and R. C. 2506.02 is clearly intended to apply to appeals from orders of administrative officers or bodies, the latter section should be followed." Skeel, Ohio Appellate Law (2d Ed.) 10, Outline 5 (1969).

[4] Alternatively, if the transcript is deficient the Court of Common Pleas may proceed under R. C. 2506.03 (A) to allow the submission of additional evidence. This fact brings up an apparent incongruity between this section which provides a remedy for an incomplete transcript and R. C. 2506.02, which seems to require that the administrative body keep a complete transcript of its proceedings. We need not now decide the extent of an agency's duty to maintain a record of its proceedings in all instances. In the present cause the fact that the board had to find "cause" to remove appellee effectively required it to keep such a record.

to produce the transcript. Therefore, we affirm the judgment of the Court of Appeals in case No. 79-108.

*Judgments affirmed.*

HERBERT, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, C. J., LOCHER and HOLMES, JJ., dissent.

HOLMES, J., dissenting. I must respectfully dissent from the majority opinion for the following reasons.

First, there was but one case appealed to the trial court, *i.e.*, No. 76-M-259. The matter specifically at issue here involved only one motion within that appeal—the motion filed on February 27, 1978, seeking an order holding the board of trustees in contempt for not filing the transcript of proceedings. Emanating from such motion, the court made a single ruling in a subsequent judgment entry, dated April 26, 1978, which stated in part:

"It is, therefore, ordered that appellee [trustees] will furnish the transcript as formerly ordered, within thirty (30) days from the date of this entry or show cause why they should not be held in contempt of Court, the proceedings herein being the appellee's cost."

There followed the motion for an order of contempt and for counsel fees filed on June 2, 1978. The court, on June 27th, ruled on such motion and found the board of trustees in contempt, again ordered a complete transcript of proceedings, and awarded attorney fees in the amount of $150. Smith's attorney was by such ruling to prepare "a judgment in conformity herewith."

The court thereafter executed two judgment entries, one ordering the filing of the complete transcript, and the other finding the board of trustees in contempt and ordering the board to pay $150 in attorney fees to Smith's legal counsel.

In effect, the trial court bifurcated its ruling into two judgment entries: one, containing the elements of an interlocutory order and, therefore, not an appealable order; and the other, a final appealable order. This, in my view, the trial court could not reasonably do in that Smith's motion of February 27, 1978, involved the review by the trial court of the inseparable issues of whether the board of trustees must

prepay the cost of the transcript of proceedings, and whether the board was in contempt for not having done so. Regardless of the form of the judgment entries as executed by the trial court, the substance of the proceeding with regard to Smith's motion was one involving the contempt claim, and the determination of that issue is appealable.

Second, I must conclude that the statute controlling the prepayment of the costs of a transcript of proceedings in appeals from a determination of a board of trustees is *R. C. 2506.01*. I base such conclusion upon the following reasoning: R. C. 2506.01 sets forth the procedural framework for appeals to a Court of Common Pleas from the decisions of an administrative agency. This statute provides, in pertinent part, that:

"Every final order * * * of any * * * board * * * of any political subdivision of the state may be reviewed by the common pleas court * * * as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code."

This section provides that the provisions of R. C. Chapter 2505, the Appellate Procedure Act, are to be followed unless such procedures are specifically modified by any provisions in R. C. 2506.01 to 2506.04.

R. C. 2505.08 refers to the "transcript of testimony," and provides, in pertinent part, that:

"The cost of the production of the transcript of testimony or of the bill of exceptions shall be paid initially by the party perfecting the appeal, reimbursement therefor to be made in the assessment of the cost by the court."

The only section within R. C. 2506.01 to 2506.04, inclusive, that refers to, and could conceivably modify, R. C. 2505.08, regarding the prepayment of transcripts of proceedings, is R. C. 2506.02, which, in its entirety, is as follows:

"Within thirty days after filing the notice of appeal, the officer or body from which the appeal is taken shall, upon the filing of a precipe, prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony and evidence offered, heard and taken into consideration in issuing the order appealed from. The costs of

such transcript shall be taxed as a part of the costs of the appeal."

R. C. 2506.02 is silent as to which party is to initially advance the costs of the transcript of proceedings in this type of appeal. Therefore, it is my conclusion that this section does not modify the provision for the advance payment of transcripts of proceedings, as found within R. C. 2505.08, which requires the party perfecting the appeal to pay such costs, and be reimbursed if successful upon such appeal.

To follow this procedure is seemingly in accord with that which is found within the Appellate Rules and the local rules of court. App. R. 9 (B) states that "[a]t the time of ordering, a party shall arrange for the payment to the reporter of the cost of the transcript."

Also, the taxing of the costs of such transcript as a part of the costs of the appeal is in accord with the general purpose of court costs which is to provide "allowances authorized by statute to reimburse the successful party for expenses incurred in prosecuting or defending an action or special proceeding." *Symons* v. *Eichelberger* (1924), 110 Ohio St. 224, 238.

CELEBREZZE, C. J., and LOCHER, J., concur in the foregoing dissenting opinion.