PIRO, Appellee,

v.

ORANGE VILLAGE, Appellant.

[Cite as *Piro v. Orange Village* (1996), 112 Ohio App.3d 454.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69482.

Decided July 8, 1996.

*Michael Drain,* for appellee.

*Barry M. Byron,* for appellant.

KARPINSKI, Judge.

Defendant-appellant, Orange Village, appeals from the judgment of the trial court denying Orange's motion to tax costs. In this motion, Orange, as the prevailing party in the administrative appeal, argued that plaintiff-appellee, Sam Piro, should pay all the costs of preparing the transcript for the appeal to common pleas court. For the reasons that follow, we affirm the judgment of the court below.

Sam Piro is a police officer for Orange Village. At the time of the incident which forms the basis for this appeal, Piro held the position of sergeant. On October 8, 1993, Ella Kish and Eleanor Hrezik were driving through Orange Park in Orange Village, where they encountered a group of teenagers playing football in the street. As the women drove past, some of the teenagers harassed the women by yelling obscenities, making obscene gestures, and pounding the car. The women immediately drove to the Orange Police Station and filed a complaint. Piro and two other officers returned with the women to the park to investigate the incident. At the park, Piro was allegedly physically and verbally abusive to some of the youths.

The parents of one of the teenagers made a complaint to Orange Village, whereby Orange brought disciplinary charges against Piro. After a hearing in front of the mayor and police chief, Piro was demoted from sergeant to patrolman and suspended from October 19, 1993, to November 16, 1993. Piro appealed this disciplinary action to the Orange Village Council. After four days of hearing testimony, the council voted to uphold the disciplinary action taken against Piro.

Piro filed an administrative appeal to common pleas court pursuant to R.C. Chapter 2506. As part of an administrative appeal, Orange had to provide and pay for the transcript from the hearings conducted before the mayor and council. The cost of preparing and filing this transcript was $5,343.90. The common pleas court affirmed the actions Orange Village had taken against Piro. After prevailing, Orange filed a motion to tax costs, arguing that the unsuccessful party who brought the appeal, Piro, should be ordered to pay for the transcript cost initially borne by Orange Village. The trial court denied this motion to tax costs and Orange timely appealed, raising one assignment of error as follows:

"The trial court erred by denying appellant's unopposed motion to tax the preparation of transcript as cost."

The sole issue in this appeal is whether the trial court erred by not taxing to Piro the costs of preparing the transcript. Costs are generally covered by Civ.R. 54(D), which states as follows:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

Under this rule, the first issue is whether there is an express provision in either statute or rule that mandates who pays for the transcript.

■ Orange contends that R.C. 2506.02 directs that the cost of the transcript must be assessed as a cost to the nonprevailing party. R.C. 2506.02 states as follows:

"Within forty days after filing the notice of appeal, the officer or body from which the appeal is taken, upon the filing of a praecipe, shall prepare and file in the court to which the appeal is taken, a complete transcript of all original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication or decision appealed from. *The costs of such transcript shall be taxed as a part of the costs of the appeal.*" (Emphasis added.)

Orange argues that the last sentence from the Ohio legislature states unequivocally that the transcript cost shall be taxed as a cost to the nonprevailing party.

In furtherance of its argument, Orange cites *Smith v. Bd. of Trustees* (1979), 60 Ohio St.2d 13, 13, 14 O.O.3d 162, 163, 396 N.E.2d 743, 744–745, paragraph two of the syllabus, which states as follows:

"Under R.C. 2506.02, the administrative body from which an appeal is taken has the duty, upon the filing of a praecipe, to prepare and file a complete transcript as defined therein, including the duty to initially pay the cost of preparing the same."

Orange asserts that the court's use of the word "initially" implies that the court was of the opinion that while the city pays for the transcript at the time the appeal is made, this cost will be shifted to the nonprevailing party by being taxed as a cost after the case is heard and determined.

We disagree with Orange. Even though R.C. 2506.02 contains the word "shall," the statute does not mandate that the nonprevailing party must eventually incur the cost of the transcript. Nor is reimbursement to the successful party mandated by *Smith, supra,* which states only that the successful appellant "could recover the expense," not "shall." 60 Ohio St.2d at 14, 14 O.O.3d at 163, 396 N.E.2d at 745. Because nothing in R.C. 2506.02 specifies to whom the cost of the transcript must eventually be taxed, an order splitting the costs, or taxing either one of the sides would not be inconsistent with the statute.

■ The second issue under Civ.R. 54(D) is whether the trial court erred by not taxing this transcript cost to the losing party. The last portion of Civ.R.

54(D) states that "costs shall be allowed to the prevailing party unless the court otherwise directs." On this portion of the rule, the Supreme Court has stated:

"Our interpretation of Civ.R. 54(D) is that the phrase 'unless the court otherwise directs' grants the court discretion to order that the prevailing party bear all or part of his or her own costs. * * * We differ from the court of appeals in that we do not believe that such phrase empowers the court to award costs to a non-prevailing party." (Footnote omitted.) *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156.

The trial court's decision in the case at bar is consistent with the interpretation provided in *Vance.* The trial court did not award costs to a nonprevailing party. Rather, the court disallowed a cost which the Supreme Court has clarified is to be borne initially by the administrative body.

The Eleventh District Court of Appeals in *Horne v. Clemens* (1985), 25 Ohio App.3d 44, 45, 25 OBR 118, 495 N.E.2d 441, 442, described the trial court's discretion in disallowing costs as follows:

"A trial court's discretion to disallow costs is limited to refusing to tax a litigating expense as a cost only where such expense is an unusual expense in type or amount which because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party."

In the case at bar, the cost of the transcript was very high ($5,343.90) and could be quite burdensome for an employee to bear. Since the length of the transcript was a result of a seven-day discussion in Orange City Council, the burden of this unusual cost should not fall on the employee. The right of appeal would be made meaningless if the conduct of an administrative body could accelerate, even inadvertently, the costs of an administrative appeal beyond the reach of an employee. Therefore, because the statute does not specifically require the transcript to be taxed to the nonprevailing party and because the decision whether to tax the transcript rests within the sound discretion of the trial court, this assignment of error is overruled.

*Judgment affirmed.*

PATRICIA ANN BLACKMON, P.J., and PATTON, J., concur.