**BEAL, Appellant,**

**v.**

**STATE FARM INSURANCE COMPANY, Appellee.**

[Cite as *Beal v. State Farm Ins. Co.* (1999), 132 Ohio App.3d 203.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 73204 and 73352.

Decided March 1, 1999.

*Linton & Hirshman* and *Robert F. Linton,* for appellant.

*Meyers, Hentemann, Schneider & Rea* and *J. Michael Creagan,* for appellee.

MICHAEL J. CORRIGAN, Judge.

Vicki Beal, plaintiff-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, General Division, case No. CV–278185, in which the trial court overruled her motion for prejudgment interest as well as her motion to tax costs. Appellant assigns four errors for this court's review.

For the following reasons, the judgment of the trial court is affirmed in part, reversed in part, and the cause is remanded.

On October 8, 1992, appellant was involved in an automobile accident while riding as a passenger in her automobile, which, at the time, was being driven by Frank Maresh. Appellant's vehicle was the front car in a three-vehicle chain reaction collision. The first automobile in the chain was operated by Lance Dokes, an uninsured motorist. Liability on the part of the uninsured motorist was not in dispute. Appellant's vehicle was damaged by the collision, but was able to be driven from the scene.

On October 6, 1994, appellant brought suit against State Farm Insurance Company, defendant-appellee ("State Farm"), in the Cuyahoga County Court of Common Pleas on an uninsured motorist claim arising out of injuries allegedly sustained in the accident on October 8, 1992. Liability was not disputed by State Farm; however, the amount of damages remained in dispute.

Discovery ensued, during which time interrogatories and requests for admissions were exchanged, depositions were taken, and an independent medical examination was conducted. Appellant's initial settlement demand was for the policy limit of $100,000. State Farm's initial offer was $14,000. Prior to the commencement of the jury trial in this matter, appellant's last settlement demand was $85,000 and State Farm's last offer was $22,500.

On October 1, 1996, the jury returned a verdict in favor of appellant in the amount of $80,000. That day State Farm tendered the full amount of the jury's verdict to appellant.

Subsequently, appellant filed post-trial motions for an award of prejudgment interest and to tax costs, both of which motions were opposed by State Farm. During further discovery, controversy arose regarding appellant's notice of

depositions *duces tecum* of two State Farm employees requesting "all training materials, manuals, memoranda, documents, audiotapes, videotapes, or tangible things of any kind relating to all training or seminars attended by you relating to claim handling and evaluation through your tenure with State Farm." State Farm refused to produce the requested documents and responded with a motion to quash and for a protective order. As a result, appellant requested that the trial court refrain from ruling upon the motion for prejudgment interest for a period of thirty days.

The trial court refused to allow the additional discovery sought by appellant and overruled appellant's motion for prejudgment interest, as well as her motion to tax costs. The trial court also denied appellant's motion for reconsideration.

Appellant filed a timely notice of appeal from the judgment of the trial court.

Appellant's first assignment of error states:

"The trial court committed reversible error in failing to award the plaintiff prejudgment interest pursuant to R.C. 1343.03(a) governing prejudgment interest in a contract claim."

■ Appellant argues, through her first assignment of error, that the trial court erred by overruling her motion for prejudgment interest. Specifically, appellant maintains that R.C. 1343.03(A) mandates an award of prejudgment interest to a successful plaintiff in a contract claim. It is appellant's position that since her uninsured motorist claim was in fact a contract claim, the trial court committed reversible error in denying her motion for prejudgment interest, thereby allowing State Farm to benefit financially from interest earned on the funds it maintained in its possession during the lower court proceedings.

R.C. 1343.03, the statute governing prejudgment interest in a contract case, provided:

"(A) [W]hen money becomes due and payable on any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or any transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract." 139 Ohio Laws, Part I, 2034.

In *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 695 N.E.2d 1140, the Ohio Supreme Court recently addressed the issue regarding a plaintiff's entitlement to an award of prejudgment interest pursuant to R.C. 1343.03(A).

The Supreme Court, in reaching the conclusion that an uninsured/underinsured motorist claim is a contract claim for which insureds are entitled to recover prejudgment interest on their uninsured/underinsured motorist coverage pursuant to R.C. 1343.03(A), reasoned:

"Grange spent considerable effort attempting to persuade us that uninsured/underinsured motorist insurance ('UMI') claims are based on tortious conduct and therefore that R.C. 1343.03(A) does not allow prejudgment interest. Landis spent considerable effort attempting to persuade us that UMI claims are contract claims and therefore that R.C. 1343.03(A) does allow prejudgment interest. We conclude that Landis's UMI claim is a contract claim, while acknowledging that there would be no UMI claim absent tortious conduct—the accident. *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 632, 635 N.E.2d 323, 327 (legal basis for recovery of UMI benefits is contract); *Motorists Mut. Ins. Co. v. Tomanski* (1971), 27 Ohio St.2d 222, 223, 56 O.O.2d 133, 134, 271 N.E.2d 924, 925 (right to recovery of UMI benefits is in contract).

"In the declaratory judgment action, the trial court determined that Landis was covered by the UMI provision. According to the declaratory judgment, when Landis applied for UMI benefits, Grange should have paid them to him. In other words, the benefits were due and payable to him based on an instrument of writing, the insurance contract. R.C. 1343.03(A). That the benefits were denied in good faith is irrelevant because lack of a good faith effort to settle is not a predicate to an award of prejudgment interest pursuant to R.C. 1343.03(A), as it is under R.C. 1343.03(C). The proper way to fully compensate Landis is to award prejudgment interest. *Royal Elec. Constr. Co. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 116–117, 652 N.E.2d 687, 692." *Id.* at 340–341, 695 N.E.2d at 1141–1142.

In the case *sub judice,* a review of the record from the court below demonstrates that, based upon the Ohio Supreme Court's holding in *Landis,* the trial court improperly overruled appellant's motion for prejudgment interest. Pursuant to *Landis,* R.C. 1343.03(A) provides for such an award when dealing with a contractual claim arising out of an uninsured/underinsured policy of motorist insurance. During oral argument, counsel for appellant as well as counsel for appellee conceded, through a judicial admission, that, in light of the Ohio Supreme Court's ruling in *Landis,* appellant is clearly entitled to prejudgment interest.

However, State Farm maintains that the date upon which the interest begins to accrue is upon the jury's verdict and not the day of the accident. See *Eagle Am. Ins. Co. v. Frencho* (1996), 111 Ohio App.3d 213, 221–222, 675 N.E.2d 1312, 1317–1318; *Kellogg v. Doe* (Feb. 26, 1998), Cuyahoga App. No. 72619,

unreported, 1998 WL 83204. However, the Supreme Court specifically addressed this issue in *Landis,* stating:

"Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis is for the trial court to determine. Upon reaching that determination, the court should calculate, pursuant to R.C. 1343.03(A), the amount of prejudgment interest due Landis and enter an appropriate order." 82 Ohio St.3d at 342, 695 N.E.2d at 1142.

Clearly, the Supreme Court's decision in *Landis,* which was released subsequent to both the Tenth District Court of Appeals decision in *Eagle* and this court's decision in *Kellogg,* clarified the lower court's holdings regarding the determination as to the time the insurance proceeds become due and payable and who should then make that determination.

Accordingly, this case must be remanded to the trial court for a determination as to the proper amount of prejudgment interest to be awarded. Factors that the trial court may consider in reaching the appropriate accrual date on any particular case include, but are not limited to, whether a declaratory judgment action has been filed or is still pending, whether a determination has been made regarding the application of uninsured/underinsured provisions of the motorist insurance policy, the underlying cause of the accident itself, the nature and extent of the damages involved, and/or the availability of the tortfeasor. Another significant reason for an appellate court to refrain from determining the accrual date for prejudgment interest is to discourage unnecessary delay in the trial court that could possibly occur if the parties came to rely upon a determination by any tribunal other than that of the trial court. The ultimate determination of the accrual date or when prejudgment interest is due and payable is contingent upon a myriad of factors and, therefore, must be resolved on a case-by-case basis.

Appellant's first assignment of error is well taken.

Appellant's second and third assignments of error state:

"II. If this court finds that [R.C.] 1343.03(C) (which governs tortious conduct) applies, the trial court committed reversible error in ruling on the motion for prejudgment interest without providing the plaintiff an opportunity to conduct discovery on the lack of good-faith effort to settle.

"III. When an insurance company misrepresents that it has no additional authority and cuts off negotiations before reaching its internal evaluation of the case, the insurance company has failed to make a good-faith effort to settle the case as a matter of law under [R.C.] 1343.03(C)."

Having a common basis in both law and fact, appellant's second and third assignments of error will be considered together.

Appellant argues, through her second and third assignments of error, that should this court choose to apply former R.C. 1343.03(C) to the instant case, rather than former R.C. 1343.03(A), the trial court still erred in failing to award prejudgment interest. It is appellant's position that the trial court's implied refusal to allow additional discovery on the motion for prejudgment interest and State Farm's failure to make a settlement offer commensurate with State Farm's own internal evaluation of the value of the case constitute an abuse of discretion on the part of the trial court and evidence of bad-faith negotiations on the part of State Farm.

As this court has previously determined in its disposition of appellant's first assignment of error, former R.C. 1343.03(A) applies to the underlying matter. In addition, during oral argument, appellate counsel for both parties once again conceded that the Ohio Supreme Court's holding in *Landis* is controlling as to the second and third assigned errors. Accordingly, appellant's second and third assignments of error are hereby rendered moot pursuant to App.R. 12(A)(1)(c).

Appellant's fourth and final assignment of error states:

"The trial court committed reversible error in failing to award costs under Civ.R. 54(D)."

Appellant argues that the trial court erred in denying her motion to tax costs. Specifically, appellant maintains that, as the prevailing party, she was entitled to tax certain expenses as costs pursuant to Civ.R. 54 and Sup.R. 13(D). Appellant sought the following:

(1) the cost of depositions in preparation for trial;

(2) the cost of expert witness fees in preparation for trial;

(3) the cost of exhibits used during trial;

(4) the cost of the videotape recording utilized at trial; and

(5) the expense of playing the videotape recording during trial.

In *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156, the Ohio Supreme Court determined that the language of Civ.R. 54(D) grants the trial court broad discretion to order the prevailing party to bear all or part of his or her own costs but does not empower the court to award costs to a nonprevailing party. See, also, *Piro v. Orange Village* (1996), 112 Ohio App.3d 454, 457, 679 N.E.2d 32, 34. " 'Costs are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statut[e] authorize[s] to be taxed and included in the

judgment.' " (Emphasis deleted.) *Williamson v. Ameritech Corp.* (1998), 81 Ohio St.3d 342, 343, 691 N.E.2d 288, 289–290. R.C. 2317.27 does not provide a statutory basis for taxing the services of a court reporter as costs under Civ.R. 54(B), nor are expert witness fees to be awarded as costs. See *Williamson, supra; State ex rel. Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 644, 646 N.E.2d 830, 832. In addition, in the absence of statutory authorization, deposition costs and other litigation expenses may not be properly taxed as costs. *Carr v. Lunney* (1995), 104 Ohio App.3d 139, 661 N.E.2d 246.

In the case *sub judice,* a review of the expenses sought by appellant demonstrates that since there is no statutory authority for taxing these expenses as costs, the trial court did not err by overruling appellant's motion. See *Baughman v. Krebs* (Dec. 10, 1998), Cuyahoga App. No. 73832, unreported. 1998 WL 855610; *Bauer v. Georgeff* (Sept. 1, 1998), Franklin App. No. 97APE03–313, unreported, 1998 WL 614636. In addition, appellant's appellate counsel conceded during oral argument that, in light of the Ohio Supreme Court's recent holding in *Williamson,* appellant was withdrawing her request for costs.

For the foregoing reasons, appellant's fourth and final assignment of error is not well taken.

The judgment of the trial court is hereby affirmed in part, reversed in part, and the cause is remanded for further proceedings regarding the award of prejudgment interest, consistent with the Ohio Supreme Court's holding in *Landis,* and this court's opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

SPELLACY, P.J., and BLACKMON, J., concur.