OPINION
This case is before us for a third time following a very lengthy procedural history.
We will only briefly summarize the history. Following a motor vehicle accident on February 22, 1995, the Horstmans filed a complaint on January 17, 1997, against the Cincinnati Insurance Company (CIC). On November 18, 1997, the trial court held that the Horstmans were not entitled to underinsured motorist coverage and overruled their petition for declaratory judgment. The Horstmans timely appealed to this court, which on June 26, 1998, affirmed the decision of the trial court. Shortly after our decision, the Ohio Supreme Court held that when a contract of insurance was in effect prior to the date that S.B. 20 became effective, that is, before October 20, 1994, questions concerning underinsured coverage are controlled by the rule of Savoie v. Grange Mut. Ins. Co.
(1993), 67 Ohio St.3d 500. Ross v. Farmers' Insurance Group (1998),82 Ohio St.3d 281.
This court did reconsider and held that following the Ross decision we had no choice but to reverse the summary judgment entered by the trial court and vacate our prior decision. In our reversal entry, we stated: "The Horstmans' damages have not yet been determined. Until they are, a genuine issue of material fact exists concerning whether the set-off applicable to these claims will diminish the amount of underinsured coverage provided by the CIC policy. Summary judgment is thus prohibited by Civ.R. 56(C). Indeed, until damages are determined the issue presented for declaration of the court's judgment cannot be decided." Horstman v.The Cincinnati Insurance Company (Sept. 14, 1998), Montgomery App. No. 16949, unreported.
Following the remand, the trial court, on November 24, 1999, held that plaintiffs were entitled to be awarded the maximum coverage allowed under the policy by CIC, that is, $100,000. Following that decision, the plaintiffs timely filed a motion for prejudgment interest and attorney fees. The court granted the Horstmans prejudgment interest dating from the date of the accident, but declined to award attorney fees.
CIC is appealing from the award of prejudgment interest, and the Horstmans are cross-appealing from the denial of an award of attorney fees.
 PREJUDGMENT INTEREST
The analysis of this issue and the rationale for the award by the trial court of prejudgment interest from the date of the accident is ably set forth in the magistrate's decision, which was approved and adopted by the trial court after the court's own analysis of the issue, as follows:
 Plaintiffs seek prejudgment interest from the date of the accident pursuant to R.C. 1343.03(A). In pertinent part R.C. 1343.03(A) states that: "when money becomes due and payable upon any . . . instrument of writing . . . and upon all judgments, decrees, and orders of any judicial tribunal for payment of money arising out of tortious conduct or a contract or other transaction or other transaction, the creditor is entitled to interest at the rate of ten percent per annum."
In Landis v. Grange Mutual Ins. Co. (1998), 82 Ohio St.3d 339, 341, the Supreme Court concluded that underinsured motorists coverage claims are contract claims arising from tortious conduct. The Court then concluded prejudgment interest may be awarded under R.C. 1343.03(A) for an underinsured motorist claim, since benefits were due and payable based on an instrument of writing, the insurance contract. Id. Clearly, based on the above authority, Cincinnati owes prejudgment interest.
The question then becomes when did the money become due and payable. In other words, on what date should the prejudgment interest accrue. InLandis, the Supreme Court deferred discretion to the trial courts the issue of when to begin calculation of prejudgment interest. Id. at 342. Specifically, the Supreme Court stated:
 "Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis is for the trial court to determine." Id.
From this statement, lower courts have developed three points in time when money becomes due and payable in uninsured/underinsured motorist cases. The first view is that the benefits become due and payable at the time of injury. This method was applied by the Landis trial court upon remand from the Supreme Court. Landis v. Grange Mutual Ins. Co. (1999),100 Ohio Misc.2d 31. See also Lovejoy v. Westfield Nat. Ins. Co. (1996), 116 Ohio App.3d 470, 477. This view was also adopted by the First District Court of Appeals in Bowman v. Progressive Insurance, Case No. 99-LV5387, (Hamilton Cty, 12-10-99), unreported, where the Court awarded prejudgment interest from the date of the accident because the amount of coverage was less than the parties actual damages, the injured party had not been fully compensated, and the interest helped to make the aggrieved party whole. The Sixth District endorses the view that the money becomes due and payable "when it is determined by a court, arbitrator, or by agreement of the parties that such a loss is covered."Myers v. _Century Ins. Cos. (1997), 119 Ohio App.3d 277, 286; Stacy v.Nationwide Mut. Ins. Co. (Feb. 27, 1998), Erie App. No. E-96-053, unreported, at p. 10. Other courts have determined that prejudgment does not become due and payable until the jury verdict has been rendered, thereby precluding an award of prejudgment interest altogether. EagleAm. Ins. Co. v. Frencho (1996), 111 Ohio App.3d 213, 221.
In Beal v. State Farm Ins. Co. (1999), 132 Ohio App.3d 203, the Eighth District held that the ultimate determination of when prejudgment interest is due "depends on a myriad of factors, and therefore, must be resolved on a case by case basis." Id. at 208. The Court specified some factors to consider, including "whether a declaratory judgment action had been filed or is still pending, whether a determination has been made regarding application of uninsured/underinsured provisions of the motor vehicle policy, the underlying cause of the accident itself, the nature and extent of the damages involved, and/or the availability of the tort-feasor." Id. The Court further found that a factor to consider is a policy to discourage unnecessary delay. Id.
Magistrate's Decision, pgs. 2 — 5.
This Court has had occasion to consider when prejudgment interest should begin in an uninsured motorist claim. Craig v. Grange Mut. Ins.Co. (Nov. 5, 1999), Montgomery App. No. 17675, unreported. We held that under Landis (cited by the magistrate), the insurance carrier clearly owes prejudgment interest, and the only issue is when it becomes due and payable. After reviewing the cases, which are also cited by the magistrate, which found various different times of accrual for prejudgment interest, we stated: "The wide variance in these cases demonstrates the broad discretion allowed by the Supreme Court in Landis
for the trial court to set the time when uninsured motorist benefits are due and payable. Moreover, this decision of the trial court will not be disturbed absent an abuse of this discretion. Abuse of discretion exists when the trial court acts with an unreasonable, arbitrary, or unconscionable attitude." In that case, the trial court had held that interest accrued from the time when the plaintiffs filed their complaint. We affirmed, stating that: "The filing of the complaint falls within the realm of time pinpointed in the various cases cited above." Id. Thus, this court is upon record as recognizing the trial court in such cases has a very wide range of latitude in fixing a time for the interest to accrue. The Ohio Supreme Court so held in Landis
and, therefore, reviewed the trial court's decision on an abuse of discretion standard. The magistrate stated the rationale for her decision as follows:
 In the instant case, this Court holds that prejudgment interest should accrue from the date of the accident. This Court believes this is the appropriate date for the following reasons. First, in Landis, the Supreme Court left discretion for determining prejudgment interest to trial courts in order to assure that the aggrieved party is made whole. Landis, 82 Ohio St.3d at 341-342. The Court was concerned with the injustice that occurs when an insurance company's denial of benefits contractually owed leads the parties through a lengthy judicial process. Id. Especially when it deprives the beneficiary not only of the use of its money, but also the economic gain enjoyed by insurer in delaying payment. Id. In this case, the make-whole doctrine suggests that interest commence from the date of the accident. Plaintiffs suffered damages resulting in an award of $1,110,000, far in excess of the $100,000 underinsured motorist policy limit. The Plaintiffs have been forced to endure a lengthy judicial process in order to receive their underinsured motorist benefits. This process has denied Plaintiffs the economic benefit of these proceeds. Second, the complaint was not filed until nearly two years after the accident. However, using the date of the complaint is not practical because the facts suggest that Defendant would have denied coverage of the claim no matter when it was filed. On the date of the accident, an actionable claim arose at which time Plaintiffs could have made a formal demand for payment. Therefore, prejudgment interest is to be charged from the date of the accident, February 22, 1995.
Magistrate's Decision, pgs. 7 — 8.
The trial court reiterated the same reasons in overruling CIC's objections to the magistrate's decision. Based upon the facts in this case, we cannot find that the decision to award prejudgment interest beginning with the date of the accident is an abuse of discretion. As we said in Craig, the accrual date here "falls within the realm of time pinpointed in various cases cited by this court in Craig and by the magistrate in the trial court here."
We are aware that the First District Court of Appeals, in a just recently published decision, has adopted as a "bright-line rule" that where the amount of insurance coverage is less than the insured's damages, prejudgment interest should be due from the date of the accident. Bowman v. Progressive Cas. Ins. Co. (1999), 136 Ohio App.3d 259. The court there stated that: "This rule makes sense because the insured will never be fully compensated for his or her injuries. Because the damages exceed the insurance available, the date of the accident is the most reasonable date to pick. Every day after the accident, the real amount of coverage shrinks, and the insured will receive less with each passing day. The prejudgment interest thus helps to `make the aggrieved party whole,' as required by Royal Electric [1995, 73 Ohio St.3d 110]. In other words, the prejudgment interest will help put the insured closer to the amount of recovery he or she would have received if the tort feasor had been insured." Id., 264. The court added that in cases where the insured's coverage exceeds his or her damages, prejudgment interest "should generally not be awarded." Id. 265. The holding in Bowman makes a great deal of sense, but we decline to adopt it as a "bright-line rule" unless and until the Ohio Supreme Court alters its current holding that when prejudgment interest should begin to accrue is a matter for the trial courts to decide within a broad possible range of options, and such decisions should not be overruled unless an appellate court finds an abuse of discretion.
CIC's assignment of error is overruled.
 ATTORNEY FEES
On this issue, again, the trial court succinctly followed the rationale set forth by the magistrate in refusing the award of attorney fees, as follows:
 Plaintiffs also seek payment of attorney fees pursuant to R.C. 2721.09, which permits the trial court to award attorney fees in a declaratory judgment action whenever necessary and proper. However, the recently enacted R.C. 2721.16(A) substantially limits the availability of attorney fees in declaratory judgments. It states:
 "A court of record shall not award attorney's fees to any party on a claim for declaratory relief under this chapter unless a section of the Revised Code explicitly authorizes a court of record to award attorney's fees on a claim for declaratory relief under this chapter or unless an award of attorney's fees is authorized by section 2323.51 of the Revised Code, by the Civil Rules, or by an award of punitive or exemplary damages against the party ordered to pay attorney's fees." Id.
R.C. 2721.16(A) is to apply in an action or proceeding for declaratory relief in either of these situations:
 "(1) An action or proceeding that is commenced on or after the effective date of this section and that seeks declaratory relief under this chapter;
 (2) An action or proceeding that was commenced prior to the effective date of this section, that is pending in a court of record on that date, and that seeks declaratory relief under this chapter." R.C. 2721.16(B).
The express purpose of R.C. 2721.16 is to supersede the effect of the holding in _Motorists Mut. Ins. Co. v. Brandenburg (1995),72 Ohio St.3d 157, and in its progeny, including Landis v. Grange Mut.Ins. Co. (1998), 82 Ohio St.3d 339. These cases permitted the awarding of attorney fees in declaratory actions under uninsured motorist policies. In effect, the purpose of R.C. 2721.16 is to eliminate trial court's discretionary powers in awarding attorney fees. This power is clearly within the prerogative of the General Assembly, and it is not the role of the judiciary to pass judgment on the wisdom of legislation.Johnson v. B.P. Chemicals, Inc. (1999), 85 Ohio St.3d 298, 303., Plaintiffs assert R.C. 2721.16 does not apply to the instant case because when the statute became effective, September 24, 1999, the only matter pending before this court was a damages hearing. Plaintiffs assert the Court of Appeals resolved the declaratory judgment issue on its merits on September 14, 1998, well before R.C. 2721.16 became effective., Plaintiffs' contention is misplaced, the Court of Appeals did not reach a final judgment on the merits on its decision on September 14, 1998. In the remand decision, the Court clearly states: "The Horstmans' damages have not yet been determined. Until they are, a genuine issue of material fact exists concerning whether the set-off applicable to these claims will diminish the amount of underinsured coverage provided by [Cincinnati Insurance Company] policy." Horstman v. The Cincinnati Ins. Co. (Sept. 14, 1998), Montgomery App. No. 16949, unreported. The Plaintiffs argument fails because this matter was not finally determined until the trial court's affirmation of Magistrate's decision on November 24, 1999. Upon this date, final judgment was entered and Plaintiff could have filed an appeal if it disagreed with the conclusion. Therefore, this Court finds a declaratory judgment action was still pending at the time the statute became effective.
Magistrate's Decision, pgs. 8 — 10.
We find the decision of the trial court that the new statute applies in this case to be the correct one, and we adopt the rationale as set forth by the magistrate in her decision as our own.
The Horstmans further argue, however, that to apply the statute in this case would be an unconstitutional retroactive application in violation of the Ohio Constitution. Once again, the trial court approved the analysis by the magistrate in finding that the legislature clearly expressed its intent that the statute be applied retroactively, and that the statute was remedial and, therefore, can be applied retroactively. Here again, we will quote the decision of the magistrate on these issues, as follows:
 The next determination by this court is whether R.C. 2721.16 is unconstitutionally retroactive as applied to the instant case. On February 10, 2000 this Court Ordered the parties to brief this issue. In this order, the Court directed the parties to the recent Ohio Supreme Court decision of Bielat v. Bielat
(2000), 87 Ohio St.3d 350.
 Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws and protects vested rights from legislative encroachment. Id. In determining whether a statute is unconstitutionally retroactive, the court must first determine whether the General Assembly expressly intended the statute to apply retroactively. Id. See also R.C. 1.48; Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100. If so, then this court must determine whether the statute is substantive or remedial. Id. A determination that a retroactive statute is substantive will render it constitutionally impermissible, however, remedial statutes may apply retroactively. State v. Cook
(1998), 83 Ohio St.3d 404, 410-411.
 R.C. 1.48 creates a presumption that statutes are prospective in nature. Thus, the statute must contain evidence of the Legislature's intent to apply retroactively. In this case, R.C. 2721.16 clearly contains an express desire to apply retroactively. The act applies to "An action or proceeding that was commenced prior to the effective date of this section, that is pending in a court of record on that date, and that seeks declaratory relief under this chapter." R.C. 2721.16(B)(2) (Emphasis added.) This language declares the General Assembly's unmistakable intent that the statute be applied retroactively. Therefore, since the statute is unquestionably intended to apply retroactively it rebuts the R.C. 1.48 presumption.
 Having found the statute is intended to apply retroactively, this Court must determine whether the statute is substantive or remedial in nature. A purely remedial statute does not violate the Ohio Constitution even if it is applied retroactively. Bielat 87 Ohio St.3d at 354. A statute is substantive if it impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to past transactions. Id. Remedial statutes are those that "merely substitute a new or more appropriate remedy for the enforcement of an existing right." Id. citing Cook, 83 Ohio St.3d at 411.
 The express terms of R.C. 2721.16(B) state that "the provisions of this section is remedial in nature." Furthermore, R.C. 2721.13 was amended to state that all provisions of Chapter 2721 are remedial in nature and shall be liberally construed and administered. Based on this express legislative intent, the Court must find R.C. 2721.16 is remedial in nature.
Magistrate's Decision, pgs. 10 — 12.
We find that the decision on this issue was correctly analyzed and determined by the trial court with the help of the magistrate's extensive analysis.
The Horstmans' assignment of error is overruled. Both appeals are, therefore, denied, and the judgment of the trial court is affirmed.
 _________________________ FREDERICK N. YOUNG, J.
BROGAN, J. and WOLFF, J., concur.