NETHERY, Appellant,

v.

STATE FARM INSURANCE COMPANIES, Appellee.

[Cite as *Nethery v. State Farm Ins. Cos.* (2001), 146 Ohio App.3d 282.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79179.

Decided Oct. 9, 2001.

*Dyson, Schmidlin & Foulds Co., Robert J. Foulds* and *Raymond J. Schmidlin,* for appellant.

*Ulmer & Berne, L.L.P., David L. Lester* and *Gary S. Greenlee,* for appellee.

TIMOTHY E. MCMONAGLE, Presiding Judge.

Plaintiff-appellant, E. Scott Nethery ("appellant"), appeals the judgment of the Cuyahoga County Common Pleas Court that granted the cross-motion for summary judgment filed by defendant-appellee, State Farm Insurance Companies ("State Farm"), which had the effect of denying appellant interest on his claim for underinsured motorists benefits. For the reasons that follow, we affirm.

The record reveals that appellant sustained serious injuries in an automobile accident that occurred on August 30, 1986. Appellant alleges in his complaint that he was an insured under a homeowner's policy of insurance issued by State Farm. Appellant further alleged that he was entitled to underinsured motorist benefits under this policy. For reasons not apparent from the record, appellant did not make a claim for these benefits until April 6, 2000. His claim not only demanded payment of the limits of the policy, which was $100,000, but also included a demand for interest from the date of the accident. State Farm promptly instituted an investigation and eventually paid the policy limits on June 29, 2000, but denied appellant's demand for interest.

On September 12, 2000, appellant instituted the within action,[1] claiming he was entitled to interest on this amount from the date of the accident until the date of payment. Both parties moved for summary judgment. The trial court ultimately denied appellant's motion and granted State Farm's motion without opinion.

---

1. Appellant's complaint is captioned as a declaratory judgment action but does not seek a declaration of rights or request any other relief provided under R.C. 2721.03. Because it is the substance of the pleading and not its caption that determines the pleading's operative effect, we construe appellant's complaint as one for money damages only. See *Morris v. Children's Hosp. Med. Ctr.* (1991), 73 Ohio App.3d 437, 440–441, 597 N.E.2d 1110.

Appellant is now before this court and argues in his sole assignment of error that the trial court inappropriately granted State Farm's motion for summary judgment.

■ An appellate court reviews a trial court's decision on a motion for summary judgment *de novo*. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, citing *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus; see, also, Civ.R. 56(C).

In his motion for summary judgment, appellant claims that he is owed interest under R.C. 1343.03(A) and that this interest was due and payable on the date of the accident, some fourteen years before he made his claim for benefits from State Farm. Succinctly, appellant argues that State Farm knew or should have known that appellant was entitled to underinsured motorist benefits under the homeowner's policy issued by it and should have *offered* to pay these benefits at the time of the accident in August 1986 even though State Farm had no knowledge of appellant's accident until the latter submitted his claim in April 2000.

In its cross-motion for summary judgment, State Farm contends that an award of prejudgment interest is inappropriate in this case because appellant's claim was not properly due and payable until it was notified of the claim and given a reasonable opportunity to investigate its validity. An affidavit of the State Farm claim specialist handling appellant's claim was appended to its motion. The claim specialist averred that, within one week of the notice of appellant's claim, he corresponded with appellant and requested medical records, police reports, and records incident to any litigation regarding the accident. Appellant finally submitted the balance of the requested documents on June 13, 2000, and State Farm maintains that it promptly paid the claim two weeks later.

As a threshold issue, both parties have submitted several cases that each intends to rely upon as supplemental authority. State Farm advises us of its intent to rely on *Davidson v. Motorists Mut. Ins. Co.* (2001), 91 Ohio St.3d 262, 744 N.E.2d 713, and its progeny, including this court's decision in *Davis v. Shelby Ins. Co.* (2001), 144 Ohio App.3d 468, 760 N.E.2d 855. These cases, all decided after the within appeal was briefed, stand for the proposition that a homeowner's policy of insurance that provides limited liability coverage for vehicles is not a motor vehicle liability policy so as to be subject to offer uninsured/underinsured

motorist coverage. Appellant, on the other hand, cites several decisions from courts of common pleas outside of Cuyahoga County that found that a residence-employee exclusion in a homeowner's policy is different from the exclusion at issue in *Davidson* and therefore distinguishable. Thus, these courts concluded that benefits were available under the particular homeowner's policies at issue.

Neither this court on review nor the court below was asked to construe whether the homeowner's policy, under which State Farm paid appellant underinsured benefits, provided such coverage. State Farm had already made the decision that coverage was available and paid the limits under that policy without court intervention. At oral argument, State Farm argued that, based on *Davidson,* money was never due and payable and, therefore, R.C. 1343.03(A) does not apply.

We decline to address this argument. Not only was the issue of whether there was coverage under the homeowner's policy not before this court or the court below, the policy itself is not before this court or the court below. We express no opinion, therefore, as to whether coverage was unavailable under the homeowner's policy so as to preclude an award of prejudgment interest. Our opinion today is confined to the resolution of the issue before the trial court; namely, whether an award of interest is appropriate under R.C. 1343.03(A).

R.C. 1343.03 governs the payment of interest and subdivision (A) provides:

"[W]hen money becomes due and payable upon any * * * other instrument of writing * * * the creditor is entitled to interest * * *."

■ An insurance contract is an "instrument of writing" and, therefore, a claim for uninsured/underinsured motorist benefits arising under that writing may result in the payment of money due and payable to the claimant. *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 341, 695 N.E.2d 1140. In such a case, an award of interest may be appropriate under this statutory provision. *Id.*

We note at the outset that the payment of interest under R.C. 1343.03(A) has been generally referred to as "prejudgment interest," although oftentimes, as in this case, there is no judgment. While an award of interest may be appropriate under this statute when money is due and payable under a contract, the current nomenclature to describe this form of interest appears to be a misnomer. Arguably a distinction without a difference, it appears to this author that the better practice would be to refer to the payment of interest under this section, when not based on any judgment, without the adjective "prejudgment."

■ Be that as it may, historically, an award of prejudgment interest is compensation to the plaintiff for the period of time between accrual of the claim and judgment. *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 117, 652 N.E.2d 687. The focus is on whether the injured plaintiff has been fully compensated. *Id.* Once it has been determined that an award of

prejudgment interest is justified, it is within the trial court's discretion to fix the date the claim accrued for computation purposes. *Landis,* 82 Ohio St.3d at 342, 695 N.E.2d 1140.

Nonetheless, we are confronted in this case not with whether the trial court affixed the proper accrual date but whether the court erred in denying interest altogether. R.C. 1343.03(A). In particular, the issue to be resolved is, when do benefits become due and payable? Appellant asserts that the benefits are due and payable as of the date of the accident. State Farm, on the other hand, maintains that benefits were properly due and payable when appellant submitted its claim to State Farm and it had a reasonable amount of time to investigate the validity of the claim.

This court, in *Beal v. State Farm Ins. Co.* (1999), 132 Ohio App.3d 203, 724 N.E.2d 860, held that the ultimate determination of when interest is due "depends on a myriad of factors, and therefore, must be resolved on a case by case basis." *Id.* at 208, 724 N.E.2d 860. One such factor to consider is a policy to discourage unnecessary delay. Moreover, while parties remain free to litigate reasonable issues, they will be subject to an award of interest, not as punishment, but as a "way to prevent them from using money then due and payable to another for their own financial gain." *Landis,* 82 Ohio St.3d at 341, 695 N.E.2d 1140.

We have no unnecessary delay in this case. We are mindful that the policy of insurance at issue in this case is a contract and that State Farm determined that underinsured motorist benefits were due under that contract. Not only did it make this determination without court intervention, but it made it promptly once the requested documents were received. It is disingenuous of appellant to suggest that State Farm should have paid these benefits in 1986, *without it having received notice of a claim,* and that any delay between appellant's receipt of benefits and his eventual claim is the fault of State Farm because it failed to *offer* these benefits at the time of the accident. This is patently absurd. Any delay occasioned between the date of the accident and the notice of claim is to be borne by the appellant under the facts and circumstances of this case.

Because we find that State Farm acted promptly in paying a claim it believed was covered under a policy of insurance it issued, an award of interest is unwarranted in this case. Therefore, no genuine issue of material fact remained to be litigated, and the trial court did not err in granting State Farm's motion for summary judgment.

Appellant's sole assignment of error is not well taken and is overruled.

*Judgment affirmed.*

KENNETH A. ROCCO and JAMES D. SWEENEY, JJ., concur.