DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the judgment of the Lucas County Court of Common Pleas which dismissed the administrative appeal filed by appellants, Arthur
 {¶ 2} Graham, James Birr, Nancy Birr, Brian Tomko, Jane Tomko, David Westrick, Nanci Westrick and "Stop The Mall" association, and ordered appellants to pay court costs. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 3} On July 2, 2002, appellants appealed a decision of the Council of the city of Maumee ("Maumee") which granted Northwest Ohio Mall LLC ("Northwest") a permit to build a shopping center. See Maumee Ordinance No. 87-2002. Appellants also filed a complaint for declaratory judgment and a motion to stay. Northwest and Isaac Land Investments, Ltd. ("Isaac") were permitted to intervene in the appeal. Pursuant to Northwest's motion, on November 13, 2002, the trial court dismissed the declaratory judgment portion of the case, but left the administrative zoning appeal intact. The case proceeded as follows: on March 7, 2003, the administrative record was filed by Maumee; on April 21, 2003, appellants filed their administrative brief; and from April to June 2003, Maumee, Northwest and Isaac filed motions and were granted extensions of time to file their briefs in opposition.
 {¶ 4} Before appellees' briefs were filed, on July 1, 2003, Maumee filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), stating that Ordinance No. 87-2002 was "no longer justiciable" because Northwest's opportunity to obtain a building permit to commence construction had expired on June 1, 2003, by operation of Maumee Municipal Code No. 1127.04 C-1(b)(24)(c). Appellants consented to dismissal, however, asserted that costs, including the transcription fee, should be assessed against Northwest. Appellants made the following argument:
 {¶ 5} "Given that this matter was rendered moot by the omission of Northwest Ohio Mall, L.L.C. to seek extension of the requisite governmental permission to build the proposed shopping mall, Plaintiffs-Appellants urge that the dismissal order of this Court include a provision which assesses costs against said Defendant-Appellee."
 {¶ 6} The trial court dismissed the appeal, but ordered appellants to pay the costs. The trial court held that "Plaintiff-Appellants' request that Northwest Ohio Mall, L.L.C. bear the costs of record-production is found not well taken and ordered denied since plaintiffs-appellants did not prevail on the merits of this case."
 {¶ 7} Appellants appeal the trial court's decision ordering them to pay the court costs, including transcription fees, and raise the following assignments of error:
 {¶ 8} "1. It was error for the trial court to award costs to Appellee City of Maumee as a `non-prevailing party.'
 {¶ 9} "2. It is error to find a party not to be a `prevailing party' for purposes of determining costs when the party has succeeded on any significant issue in litigation which achieves some of the benefit they sought in bringing suit.
 {¶ 10} "3. It was inequitable, and hence error, to assess costs against Appellants when the mootness was caused by acts or omissions solely within the control and discretion of Appellees."
 {¶ 11} R.C. 2506.02 states that the officer or body from which an administrative appeal is taken shall prepare and file with the court "a complete transcript of all original papers, testimony and evidence offered, heard, and taken into consideration in issuing the final order, adjudication or decision appealed from." According to the Ohio Supreme Court, R.C. 2506.02 specifies that the burden is on the administrative agency to assume "the initial expense" of the transcript's preparation for appeal. Smith v. Chester Township Board ofTrustees (1979), 60 Ohio St.2d 13, 17. R.C. 2506.02, however, does not determine which party must ultimately pay the expense of the transcript, but rather states that "[t]he costs of such transcript shall be taxed as part of the costs of the appeal."
 {¶ 12} The decision to order costs in a case is within the sound discretion of the trial court. Civ.R. 54(D) states that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." The Ohio Supreme Court has held that the language, "costs shall be allowed to the prevailing party unless the court otherwise directs," grants trial courts discretion to order prevailing parties to bear all or part of their own costs. State ex rel. Frailey v.Wolfe (2001), 92 Ohio St.3d 320, 321; State ex rel. Reyna v.Natalucci-Persichetti (1998), 83 Ohio St.3d 194, 198; Vance v.Roedersheimer (1992), 64 Ohio St. 3d 552, 555. "A `prevailing party' is `one in whose favor the decision or verdict is rendered and judgment entered.'" Hagemeyer v. Sadowski (1993),86 Ohio App.3d 563, citing, Yetzer v. Henderson (June 4, 1981), 5th Dist. No. CA-1967.
 {¶ 13} Appellants argue that the trial court erred in awarding costs to Maumee because it was a "non-prevailing party"; that appellants were the "prevailing party" because they succeeded in preventing the mall from being built and, as such, should not have been ordered to pay the costs of the appeal; and that it was inequitable to assess costs against appellants when the reason the appeal was denied as moot was caused by Northwest's failure to seek a building permit within the applicable time period. We disagree with all of appellants' arguments.
 {¶ 14} Appellants appealed Maumee's passing of Ordinance No. 87-2002 on the basis that the decision to grant Northwest a permit to build the mall was "contrary to law and regulation and not supported by reliable, probative, nor substantial evidence." Rather than determining the lawfulness of the ordinance on the merits, the trial court dismissed the appeal when the time permitted for obtaining a building permit had expired. Insofar as the Maumee ordinance was never overturned or found to be unlawful, we find that Maumee was a prevailing party with respect to appellants' notice of appeal. We further find that appellants did not prevail because the ordinance was never overturned. Moreover, although the mall construction did not proceed pursuant to Ordinance No. 87-2002, there is no indication that appellants' efforts had any effect on the project's cessation.
 {¶ 15} Based on the facts in this case, we find that the trial court did not abuse its discretion in ordering appellants to bear the costs of their appeal. There is no indication that the trial court's decision demonstrated an unreasonable, arbitrary, or unconscionable attitude. Accordingly, we find that appellants' first, second and third assignments of error are found not well-taken.
 {¶ 16} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs are assessed to appellants.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Lanzinger, J., concur.