[Cite as *Rardin v. Salon Professional Academy, L.L.C.*, 2017-Ohio-410.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| Katherine Rardin | Court of Appeals No. WD-16-011 |
| Appellant | Trial Court No. CVF 1500517 |
| v. | |
| The Salon Professional Academy, LLC, d/b/a The Summit Salon Academy | **DECISION AND JUDGMENT** |
| Appellee | Decided: February 3, 2017 |

* * * * *

James H. Anderson and Mark I. Jacobs, for appellant.

Patricia A. Wise and Brian C. Kalas, for appellee.

* * * * *

**JENSEN, P.J.**

## I. Introduction

{¶ 1} At issue herein is an interlocutory appeal filed by the plaintiff-appellant, Katherine Rardin. The defendant-appellee is The Salon Professional Academy, LLC, d/b/a The Summit Salon Academy. Appellant challenges a March 7, 2016 decision by

the Municipal Court of Perrysburg, Wood County, Ohio, that granted appellee's motion for sanctions.[1] The court awarded "reasonable expenses incurred in securing compliance with the January 29, 2016 Court order granting its motion to compel."

{¶ 2} For the reasons that follow, we find that the court did not abuse its discretion in sanctioning appellant. We remand this case to the municipal court for further proceedings on the merits.

## II. Statement of Facts and Procedural History

{¶ 3} In September of 2014, appellant enrolled at appellee's salon academy for the purpose of becoming licensed in the field of "managing esthetics." The agreement between the parties called for appellant to pay tuition and fees in exchange for appellee agreeing to furnish all phases of the education and training required for certification in the field.

{¶ 4} In her complaint, appellant alleges that the quality of educational services sharply declined by November of 2014. On April 28, 2015, appellant filed suit for breach of contract and unjust enrichment, demanding $8,666 in damages.

{¶ 5} Appellee denied the allegations and counterclaimed. It argued that, pursuant to the withdrawal provision set forth in the agreement, appellant owed it $536.04.

---

[1] The March 7, 2016 order also denied appellant's Civ.R. 60(B) motion for relief from judgment and denied her motion for leave to file an answer instanter. As set forth in our April 21, 2016 order, this court limited the appeal to the trial court's award of sanctions under Civ.R. 37. An order of contempt is final and appealable once the trial court makes a finding of contempt *and* imposes a sanction. *Smith v. Chester Twp. Bd. of Trustees*, 60 Ohio St.2d 13, 396 N.E.2d 743 (1979). *See also Fleenor v. Caudill*, 4th Dist. Scioto No. 03CA2886, 2003-Ohio-6513, ¶ 17.

2.

**{¶ 6}** This appeal is limited to the trial court's decision to order appellant to pay appellee its reasonable expenses incurred in securing compliance with the January 29, 2016 court order to compel discovery.

**{¶ 7}** The discovery dispute began with appellee's September 29, 2015 service of requests for interrogatories, production of documents and admissions. Appellant responded to the requests on October 21, 2015.

**{¶ 8}** Appellee characterized the responses as insufficient. It requested, in two successive emails, that appellant correct and supplement them. Among other issues, appellee asked for clarification as to how the responses were enumerated, took issue with a relevancy objection, and demanded greater detail as to the facts to which appellant's witnesses would testify.

**{¶ 9}** Appellant responded to the requests. Appellee's counsel maintained, however, that the responses were "still insufficient" and, in a "last effort to resolve [the matter] short of court intervention" requested that appellant provide further information.

**{¶ 10}** On December 17, 2015, appellee filed a motion to compel appellant to "provide full and complete responses to its discovery requests."

**{¶ 11}** During a January 29, 2016 pretrial conference, appellant's counsel indicated that he felt the discovery responses were adequate and complete. In any event, the trial court granted the "unopposed motion of [appellee] to compel discovery." It gave appellant "ten (10) days from the date of this entry to comply with this Order."

3.

{¶ 12} Appellant's counsel received the court's order "on or about February 4, 2016." Appellant met with her attorney for the purpose of supplementing the discovery responses, which she then served on February 11, 2016 via facsimile. The responses settled the dispute.

{¶ 13} That same day, appellee filed a motion for sanctions, urging the court to dismiss plaintiff's complaint for noncompliance and to order appellant to pay appellee its fees and expenses incurred in the preparation and filing of the motion to compel.

{¶ 14} On March 7, 2016, the trial court granted appellee's motion. It ordered appellee's counsel to "submit her invoice itemizing her reasonable expenses to the Court and [appellant's] counsel within ten (10) days from the date of this order. Upon receipt of invoice, [appellant's] counsel shall pay the balance within ten (10) days."

{¶ 15} Appellee sought $1,552.50 in reimbursable expenses.

{¶ 16} Appellant appealed the judgment, and the trial court stayed the execution of the judgment pending appeal. Appellant asserts one assignment of error for our review:

### III. Appellant's Assignment of Error

The Trial Court abused its discretion in granting Defendant's Motion for Sanctions.

### IV. Law and Analysis

{¶ 17} Civ.R. 37 provides a mechanism by which discovery rules can be enforced. The rule specifically authorizes a trial court to make "just" orders in response to discovery violations, including the imposition of sanctions for a failure to comply with

discovery orders. In particular, Civ.R. 37(A) authorizes and governs motions to compel discovery; Civ.R. 37(B) authorizes sanctions against a party who fails to obey an order to provide or permit discovery; Civ.R. 37(E) mandates that parties make reasonable efforts to resolve discovery disputes before seeking judicial intervention. *Bayes v. Toledo Edison Co*, 6th Dist. Lucas Nos. L-03-1177, L-03-1194, 2004-Ohio-5752, ¶ 90.

{¶ 18} An appellate court will not reverse the trial court's determination on discovery sanctions unless there has been an abuse of discretion. *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 662 N.E.2d 1 (1996), syllabus. Reversal is not warranted unless the trial court has displayed an unreasonable, arbitrary, or unconscionable attitude. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 19} Appellant argues that she acted in good faith at all times. While she concedes that the final supplement was "arguably untimely," she argues that it did not prejudice appellee in any way.

{¶ 20} While the facts do not suggest that appellant or her counsel acted frivolously, frivolous conduct is not a condition precedent to the imposition of sanctions under Civ.R. 37. *Shikner v. S & P Solutions,* 8th Dist. Cuyahoga No. 86291, 2006-Ohio-1339, ¶ 14.

{¶ 21} The record reveals that appellee requested supplemental discovery responses on three occasions, twice by letter and once via a motion to compel. Appellant's counsel took the position that his client had cured any defect with the discovery responses, when in fact, she had not. Moreover, when the trial court ordered

5.

appellant to comply, it deferred sanctions until a later date, i.e. 10 days from the date of this order. It was not until appellant failed to respond that it ordered sanctions. Appellant concedes that her responses were untimely.

{¶ 22} We may not simply substitute our judgment for that of the trial court. The trial judge was in the best position to view the attorneys throughout the progress of the case to determine whether sanctions were warranted. We cannot say that the trial court abused its discretion in this matter. *Bayes v. Toledo Edison Co*, 6th Dist. Lucas Nos. L-03-1177, L-03-1194, 2004-Ohio-5752, ¶ 9.

{¶ 23} Finally, appellant points out that appellee did not comply with the trial court's order to provide an "invoice itemizing [its] reasonable expenses" incurred in securing compliance with the order to compel. We agree. Upon remand, appellee shall provide such itemization for the trial court to approve.

{¶ 24} Appellant's assignment of error is well-taken, in part. The trial court's decision to award sanctions is affirmed. The amount of expenses awarded is reversed and this matter is remanded for further proceedings on the issue.

{¶ 25} Judgment of the Perrysburg Municipal Court is affirmed, in part, and reversed, in part. Pursuant to App.R. 24, costs are to be divided equally between the parties.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Stephen A. Yarbrough, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE